| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------x<br>:<br>In re:                                                      :<br>                                                              :<br>          BEVERLY C. GRIGGSBY,           :<br>                                                              :<br>                              Debtor              :<br>------------------------------------------------------x | FOR PUBLICATION<br><br><br><br>Case No.: 09-10796 (MG)<br>Chapter 13 |

**MEMORANDUM OPINION SUSTAINING OBJECTION TO NOTICE OF
COMPLIANCE AND GRANTING LIFT-STAY MOTION**

*A P P E A R A N C E S:*

Earl A. Rawlins, Esq.
103 East 125th Street
Suite 602
New York, NY 10035
*Counsel for the Debtor*

Anthony J. Cornicello, Esq.
CORNICELLO & TENDLER, LLP
116 John Street, Suite 2501
New York, NY 10038
*Counsel to 940 St. Nicholas, LLC*

**MARTIN GLENN**
United States Bankruptcy Judge

    940 St. Nicholas, LLC ("940 St. Nicholas" or "Landlord"), filed a Motion to Vacate the Automatic Stay in this case under chapter 13 ("Lift-Stay Motion") (ECF Doc. No. 13), to permit it to execute a warrant of eviction obtained pursuant to a judgment of possession against the debtor, Beverly C. Griggsby ("Griggsby" or "Debtor"), in Civil Court on January 5, 2007, before this chapter 13 case was filed. The judgment of possession and warrant of eviction were based on so-called "Collyer Conditions" in Griggsby's residential apartment. The Landlord also filed an Objection to the Debtor's certification pursuant to 11 U.S.C. § 362(*l*)(1) ("Objection")(ECF

1

Doc. No. 11). The Court heard argument on the Objection and the Lift Stay Motion on April 2, 2009. At the conclusion of the hearing, the Court ruled from the bench, sustaining the Objection and granting the Lift-Stay Motion. A written order was entered that same day lifting the automatic stay. (ECF Doc. No. 16.) In its bench ruling, the Court stated that because of the novel issues involved in this matter, a written Opinion would follow explaining the Court's reasoning. For the reasons explained below, the Court concludes that where a default giving rise to a prepetition judgment of possession could not be cured by the payment of money alone, the automatic stay under Bankruptcy Code § 362 does not operate as a stay of any eviction proceeding and the stay cannot be reinstated by the debtor under Bankruptcy Code § 362(*l*).

On April 10, 2009, Debtor filed an application by order to show cause seeking to reinstate the automatic stay. The supporting affidavits rehash the issues presented to the Court at the April 2, 2009 hearing. The application is really a request for reconsideration of the April 2, 2009 bench ruling and Order lifting the automatic stay entered on that day. However viewed, the application to reinstate the stay fails to advance grounds supporting any different result.

## BACKGROUND

On February 21, 2009, Debtor filed a voluntary petition commencing a chapter 13 bankruptcy case.[1] Prior to filing her bankruptcy case, Griggsby resided as a tenant in Apartment 5I in 940 St. Nicholas Avenue, New York, NY (the "Apartment") pursuant to a rent-stabilized lease with the Landlord's predecessor. On or about June 22, 2006, 940 St. Nicholas served a notice of termination on Griggsby, alleging that she was responsible for excessive accumulated

---

[1] The Debtor filed a bare-bones bankruptcy petition in this case. The Clerk's Office entered a Deficiency Notice on February 23, 2009, setting a deadline for filing missing schedules and information by March 9, 2009. (ECF Doc. No. 4.) None of the missing schedules and information has been filed. The Chapter 13 Trustee has filed a motion to dismiss the chapter 13 case for failure to timely file schedules, a statement of financial affairs, payment advices, and a plan. (ECF Doc. No. 14.) The motion to dismiss is scheduled for presentment on April 23, 2009.

2

debris posing a health and fire risk ("Collyer Conditions").[2] The Landlord subsequently commenced a Collyer-type nuisance holdover proceeding in the Civil Court of the City of New York, County of New York ("Civil Court"), Index No. L&T 81890/06.

On January 5, 2007, after a hearing, the Civil Court entered an order (the "2007 Order") awarding a final judgment of possession to the Landlord. The judgment rested upon the presence of the Collyer Conditions and arrears owed by Griggsby in the amount of $4,640.24 for use and occupancy through January 5, 2007. The Order indicated that the Civil Court would issue a warrant of eviction forthwith but stayed the warrant's execution to permit Griggsby to cure the defaults by a January 16, 2007 deadline. Griggsby's appeal of the final judgment was dismissed for failure to perfect. On October 17, 2008, after a multi-day hearing, the Civil Court entered an Order (the "2008 Order"), finding that Griggsby had failed to cure the Collyer Conditions and authorizing 940 St. Nicholas to execute the warrant of eviction. The court's written opinion did not indicate whether Griggsby had cured the outstanding money arrears, but it is clear from the opinion that the Collyer Conditions were the basis for the court permitting Griggsby's eviction to go forward.[3] Griggsby failed to timely appeal the 2008 Order. The court issued the warrant of

---

[2] Under New York law, the term "Collyer condition," alternately spelled "Collier condition," or "Collier-like condition," refers to an excessive accumulation of debris and clutter in a residential apartment that poses a safety, health, or fire hazard. *See Zipper v. Haroldon Court Condominium*, 835 N.Y.S.2d 43, 45 (N.Y. App. Div. 1st Dep't 2007) (defining a Collyer condition as a "dangerous clutter[ing] with furnishings, boxes, and debris"); *Gazivoda v. Sherman*, 816 N.Y.S.2d 417, 418 (N.Y. App. Div. 1st Dep't 2006) (agreeing that a Collyer condition and nuisance existed in an apartment "cluttered with papers, refuse and/or rubbish"); *5th & 106th St. Associates LP v. Rodriguez*, 2008 WL 4952451 at * 6 (N.Y. City Civ. Ct. Nov. 20, 2008) (finding that accumulated clutter constituted a Collyer condition); *107-109 East 88th Street LLC v. Nowillo*, 2005 WL 1668400 at *3 (N.Y. City Civ. Ct. June 24, 2005) (finding that papers and wires left on a stove created a fire-hazard Collyer condition). The presence of a Collyer condition may constitute a violation of the New York City Housing Maintenance Code and may give rise to civil and criminal liability if left uncured. *See* NEW YORK CITY, N.Y., CODE § 27-2011 (2008) (owner's duty to clean interior shared space); § 27-2012 (owner's duty to clean interior of dwelling units); § 27-2115 (civil penalties); § 27-2118 (criminal penalties).

[3] The court's thorough opinion details "the extreme and hazardous nuisance conditions pervading respondent's apartment." (*See* 2008 Order, Exh. G, Lift-Stay Motion, ECF Doc. No. 13.) Rejecting Griggsby's contention that she complied with the earlier order to clean up the apartment, the court "holds to a moral certainty that petitioner [Landlord] proved respondent's [Griggsby's] noncompliance." (*See id.*)

3

eviction on December 10, 2008. An eviction scheduled for February 23, 2009 was stayed as a result of Debtor's bankruptcy case.

As explained below, pursuant to Bankruptcy Code § 362(b)(22), the automatic stay would not apply as a bar to the Landlord's efforts to evict the Debtor because the state court judgment of possession was obtained before the Debtor filed her chapter 13 petition, *unless* the Debtor was able successfully to invoke § 362(*l*) by depositing 30 days' post-petition rent with the Clerk of the Court and by filing a certification required by § 362(*l*)(1). The Debtor timely deposited the funds and also filed a certification. On February 23, 2009, the Clerk entered a notice of Debtor's compliance and intent to cure the prepetition judgment of possession ("Compliance Notice") (ECF Doc. No. 7). On March 6, 2009, 940 St. Nicholas filed an Objection to Debtor's certification and refused to accept a tender of the deposit.

The Landlord argues that § 362(*l*) does not apply in this case because the outstanding judgment of possession rests upon Debtor's non-monetary default—failing to cure the Collyer Conditions. The Landlord maintains that § 362(*l*) applies by its terms only to a curable monetary default that is present at the commencement of a debtor's bankruptcy case. Because the judgment of possession and warrant of eviction were based on non-monetary obligations, the argument goes, § 362(*l*) is not available to the Debtor. The Landlord further urges that even if § 362(*l*) did apply in this case, the Debtor's right to cure the Collyer Conditions expired upon entry of the 2008 Order.

The motion to lift the stay claims that the Landlord lacks adequate protection under § 362(d)(1) because the Collyer Conditions remain in the Apartment. The Landlord also contends that the Debtor's estate lacks a property interest in the Apartment within the meaning of Bankruptcy Code § 541 because, pursuant to § 749 of the New York Real Property Actions and

4

Proceedings Law ("RPAPL"), the issuance of the warrant of eviction cut-off the Debtor's interest in the Apartment.

## DISCUSSION

### A. BAPCPA Limits Application of the Automatic Stay in Eviction Proceedings

Section 362(b)(22), added to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that the automatic stay pursuant to § 362(a)(3) does not apply to the "continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor." 11 U.S.C. § 362(b)(22). Section 362(*l*) provides a limited exception to the strictures of § 362(b)(22). The automatic stay does apply for a 30-day period after the filing of the bankruptcy petition *if* the debtor files with the petition a certification under penalty of perjury that "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment of possession after that judgment of possession was entered." 11 U.S.C. § 362(*l*)(1)(A). A debtor must also deposit with the clerk of the court with the bankruptcy petition any rent that would become due during the 30-day period after the filing of the bankruptcy petition. 11 U.S.C. § 362(*l*)(1)(B). In order to extend the stay beyond the initial 30-day period, within that period the debtor must cure, "under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought . . . ." 11 U.S.C. § 362(*l*)(2).

5

In this case, the Debtor filed a certification and tendered rent for the 30-day period with her bankruptcy petition. The Landlord objected to the certification arguing that the § 362(*l*) procedure cannot be used to reinstate the automatic stay where the judgment of possession and warrant of eviction were issued because of a non-monetary default.

### B. Landlord's Objection to Debtor's Certification

Section 362(*l*)(3) provides that "[i]f the lessor files an objection to any certification filed by the debtor . . . , the court shall hold a hearing . . . to determine if the certification filed by the debtor . . . is true." 11 U.S.C. § 362(*l*)(3)(A). If the court sustains the objection, "subsection (b)(22) shall apply immediately and relief from the stay shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(*l*)(3)(B)(i).

In this case, the Landlord not only filed its Objection but also filed the Lift-Stay Motion. Both the Objection and the Lift-Stay Motion were heard together on April 2, 2009. The Court entered an Order that day granting the Lift-Stay Motion. In light of that Order granting stay relief to the Landlord, it is unnecessary separately to address whether the certification filed by the Debtor "is true." The outcome here depends upon an issue of law—whether complying with § 362(*l*) reinstates the automatic stay where the judgment of possession cannot be cured by payment of any monetary default—not upon a determination of "truth" of facts or conclusions set forth in a debtor's certification. The Landlord gets the same result—the ability to continue with eviction—whether the Objection is sustained or the Lift Stay Motion is granted.

6

### C. The Automatic Stay Could Not Be Reinstated Because of a Non-Monetary Default

The Court concludes that § 362(*l*) does not apply where, as here, the prepetition judgment of possession and warrant of eviction are based upon a non-monetary default that cannot be cured by payment of money. Section 362(b)(22) makes the automatic stay inapplicable to eviction proceedings whatever the basis for the judgment of possession if the judgment was obtained before the bankruptcy petition was filed. Section 362(*l*) provides a mechanism to reinstate the stay if "there are circumstances under applicable nonbankruptcy law under which the debtor would be permitted *to cure the entire monetary default* that gave rise to the judgment of possession . . . ." 11 U.S.C. § 362(*l*)(1)(A) (emphasis added). *See In re Alberts*, 381 B.R. 171, 177 (Bankr. W.D. Pa. 2008) ("Section 362(*l*) of the Code operates as a safe harbor precluding the termination of the stay in instances where . . . the judgment for possession was obtained as a result of monetary defaults of the debtor . . . ."); *In re Williams*, 371 B.R. 102, 105−09 (Bankr. E.D. Pa. 2007) (analyzing the statute and legislative history).

At issue in this case is whether the § 362(*l*) safe harbor is triggered if a prepetition judgment of possession rests in whole or in part upon a non-monetary default. Caselaw is silent on this question.[4] Section 362(*l*)'s statutory language limits its applicability to cases in which state law would permit the debtor "to cure the entire monetary default that gave rise to the judgment for possession . . . ." 11 U.S.C. § 362(*l*)(1)(A).

The legislative history does not specifically address the effect of the change made by BAPCPA in the event a judgment of possession was based solely on a non-monetary default, or

---

[4] At least one commentator (and judge) has argued that the statutory safe harbor should not be available to permit cure of a prepetition non-monetary default. *See* Alan M. Ahart, *The Inefficacy of the New Eviction Exceptions to the Automatic Stay*, 30 AM. BANK. L.J. 125, 132 (Winter 2006) ("If the *only* default that led to the prepetition judgment for possession was a monetary default and the debtor timely cures this default under applicable nonbankruptcy law, the lessor cannot proceed with the eviction regardless whether the debtor is protected by the bankruptcy automatic stay.") (emphasis in original).

7

where it was based on both monetary and non-monetary defaults. If the judgment of possession was based solely on a non-monetary default, there is no basis to argue from the language of the statute that the automatic stay can be reinstated under § 362(*l*). But what if the judgment of possession was based on mixed grounds, monetary and non-monetary? If nonbankruptcy law—in this case, New York law—would permit a debtor to cure monetary and non-monetary defaults, is the stay reinstated if the debtor takes the actions required to cure the monetary default only, or, for that matter, to cure all monetary and non-monetary defaults? The language of the Code does not provide clear answers to these questions. The legislative history also does not shed much light on the questions. As discussed in the next section of this Opinion, under New York law, there are circumstances under which a debtor would be permitted to cure both monetary and non-monetary defaults. But those are matters properly left for a state court to decide.

Section 311 of Public Law 109-8 added §§ 362(b)(22), 362(b)(23), 362(*l*) and 362(m) to the Bankruptcy Code. Sections 362(b)(22) and 362(*l*), as previously described, deal with the effect on the automatic stay of a judgment of possession obtained before a bankruptcy petition is filed. Sections 362(b)(23) and 362(m) deal with the effect on the stay of circumstances creating grounds for an eviction action to be filed or adjudicated that seeks possession of residential property "based on endangerment of such property or the illegal use of controlled substances on such property . . . ." 11 U.S.C. § 362(b)(23); *see* 5 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 431.1 (3d ed. 2006). The legislative history discusses these provisions together. House Report No. 109-31 describes these changes in BAPCPA as follows:

> Sec. 311. Automatic Stay. Section 311 of the Act amends section 362(b) of the Bankruptcy Code to except from the automatic stay a judgment of eviction with respect to a residential leasehold under certain circumstances. It is the intent of this provision to create an exception to the automatic stay of section 362(a)(3) to permit the recovery of possession by rental housing providers of their property in certain

8

> circumstances where a judgment for possession has been obtained against a debtor/resident before the filing of the petition for bankruptcy. . . . It is also the intent of this section to permit eviction actions based on illegal use of controlled substances or endangering property in certain circumstances.
>
> Section 311 gives tenants a reasonable amount of time after filing the petition to cure the default giving rise to the judgment for possession as long as there are circumstances in which applicable nonbankruptcy law allows a default to be cured after a judgment has been obtained. Where nonbankruptcy law applicable in the jurisdiction does not permit a tenant to cure a monetary default after the judgment for possession has been obtained, the automatic stay of section 362(a)(3) does not operate to limit action by a rental housing provider to proceed with, or a marshal, sheriff, or similar local officer to execute, the judgment for possession. Where the debtor claims that applicable law permits a tenant to cure after the judgment for possession has been obtained, the automatic stay operates only where the debtor files a certification with the bankruptcy petition asserting that applicable law permits such action and that the debtor or an adult dependent of the debtor has paid to the court all rent that will come due during the 30 days following the filing of the petition. If, within thirty days following the filing of the petition, the debtor or an adult dependent of the debtor certifies that the entire monetary default that gave rise to the judgment for possession has been cured, the automatic stay remains in effect. If a lessor has filed or wishes to file an eviction action based on the use of illegal controlled substances or property endangerment, the section allows the lessor in certain cases to file a certification of such circumstance with the court and obtain an exception to the stay.
> . . . . This section does not provide any new right to either landlords or tenants relating to evictions or defenses to eviction under otherwise applicable law.

H.R. REP. NO. 109-31, pt. 1, at 74-75(2005) (hereinafter, "House Report No. 109-31"); *see also In re Williams*, 371 B.R. at 109.

Congress provided in § 362(b)(22) that a prepetition judgment of possession obtained by a lessor for any reason keeps the stay from automatically being triggered by the filing of a bankruptcy petition. With respect to § 362(*l*), Congress's focus was clearly upon allowing the stay to be reinstated if state law permits a cure of a monetary default; no mention is made of a non-monetary default. Sections 362(b)(23) and 362(m) provide a means for a lessor to terminate the automatic stay based upon alleged drug use or "property endangerment." Sections

9

362(b)(23) and 362(m) presuppose that a lessor did not obtain a prepetition judgment of possession. "Property endangerment," as used in the statute, is undefined, but the term would seem to fit with seeking eviction based on Collyer Conditions. While Congress established a procedure to terminate the stay based on alleged property endangerment, it is illogical to suppose that Congress would enable a debtor to stay the effect of a judgment of possession by curing a monetary default and leaving unresolved any material non-monetary default that may also form a basis for the prepetition judgment of possession. If alleged property endangerment is the basis for seeking to lift the stay and the tenant contests the existence of the "situation giving rise to the lessor's certification," 11 U.S.C. § 362(m)(2), the court is required to hold a hearing with the debtor having the burden of proof that the "situation giving rise to the lessor's certification . . . did not exist or was remedied." 11 U.S.C. § 362(m)(2)(D).[5] But where a prepetition judgment of possession is based on circumstances that meet the test of "property endangerment," the bankruptcy court is precluded from relitigating these issues. *In re Éclair Bakery Ltd.*, 255 B.R. 121, 133 n.23 (Bankr. S.D.N.Y. 2000) ("A state court judgment issued prior to the filing of a debtor's bankruptcy case is *res judicata* in the bankruptcy case, and the debtor may not relitigate issues already decided by the state court.") (citations omitted). Accordingly, the Court concludes that § 362(m) does not apply if the lessor obtained a prepetition judgment based upon "property endangerment"; and § 362(*l*) does not apply if the prepetition judgment of possession is based in whole or in part on a material default that cannot be cured by the payment of money.

---

[5] As one commentator has recognized, § 362(m) may give rise to a contested matter regarding the extent of the property endangerment. *See* 5 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 431.1, at 431-10 ("New § 362(b)(23) and (m) are likely to produce some fascinating hearings in bankruptcy courts. It is not uncommon for landlords to believe that Chapter 13 debtors are not taking proper care of their apartments or rental homes. . . . [T]he debtor's denial and evidence of 'remedial' action will not be dull. Bankruptcy court findings that property is endangered or that illegal drug activity is present could be preclusive in subsequent state court litigation between the landlord and debtor.").

10

In this case, the judgment of possession issued by the Civil Court on January 5, 2007 rested upon the Collyer Conditions and past-due use and occupancy payments alike. However, the 2008 Order authorizing the landlord to execute the warrant did not indicate the presence of an outstanding monetary default. The Landlord argues, and the Debtor fails to dispute, that the 2008 Order was based solely upon the Debtor's failure to cure the Collyer Conditions. Accordingly, Section 362(*l*) does not apply in this case.[6]

### D. New York Law Permits the State Court to Vacate a Warrant of Eviction and Reinstate the Landlord-Tenant Relationship

In New York, RPAPL § 749(3) governs the effect of a warrant issued pursuant to a judgment of possession. Section 749(3) provides as follows:

> 3. The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, *but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.* Petitioner may recover by action any sum of money which was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent.

N.Y. REAL PROP. ACT. & PROC. L. § 749(3)(McKinney 2008) (emphasis added).

---

[6] It is clear from the record that the state court's order authorizing execution of the warrant of eviction is based on Griggsby's failure over a long period of time to cure the very serious Collyer Conditions. While the Court need not resolve the issue here, in a case in which a judgment of possession appears to be based on both monetary and non-monetary defaults but the materiality of each default is not clear from the record, or if the state court judgment was obtained by default, the bankruptcy court may be empowered to enjoin continuation of eviction proceedings under Bankruptcy Code § 105 to permit the debtor expeditiously to seek clarification from the state court of the basis for the judgment, as this may clarify the debtor's right to extend the stay under § 362(*l*), while preserving property of the estate until the state court rules. On the record here, no such clarification is needed. Because of the tight deadlines under § 362(*l*), the debtor must timely file the required certifications and make all of the required cure payments to retain the possibility of obtaining additional stay relief. As explained in Section D *infra*, the bankruptcy court cannot in any event reinstate the landlord-tenant relationship in New York once a warrant of eviction has issued—only the state court may do so. Thus, in cases in which the warrant of eviction has issued, stay relief from the bankruptcy court can only provide the debtor with a brief window to go back to state court, usually to request that the warrant of eviction be vacated. This Court's experience has shown that the Civil Court in New York City is willing to consider providing such relief on conditions for good cause shown.

11

The issuance of a warrant of eviction severs the landlord-tenant relationship. But bankruptcy courts have long recognized a debtor's possessory interest in property—assuming the warrant has not been executed and the debtor remains in possession—as an equitable interest under Bankruptcy Code § 541 eligible for protection under the automatic stay. *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse)*, 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay."). The automatic stay can protect this interest and prevent the execution of a warrant even after a warrant has been issued when state law may allow a debtor to cure the default before execution of the warrant. 11 U.S.C. §362(*l*)(2). But the debtor must return to the state court for relief if the debtor wants the landlord-tenant relationship reinstated; the bankruptcy court cannot reinstate the landlord-tenant relationship. *See In re Marcano*, 288 B.R. 324, 338 (Bankr. S.D.N.Y. 2003) ("Notwithstanding the issuance of a warrant, the tenant still retains 'an equitable interest in the property, and the potential to reinstate the landlord-tenant relationship.' The . . . state court retains the ability to vacate the warrant and order a tenant reinstated at least until actual execution of the warrant. In appropriate cases, bankruptcy courts have continued the automatic stay of § 362 in order to give the tenant an opportunity to seek an order from the state court vacating a warrant of eviction.") (citations omitted); *In re Éclair Bakery Ltd.*, 255 B.R. at 133 n.23 ("The filing of a bankruptcy petition does not resurrect a lease, and a bankruptcy court does not have the power to resurrect a lease which was terminated prior to the filing of a lessee's bankruptcy petition."); *332-4 West 47th Street Assoc., L.P. v. Muniz (In re Muniz)*, 1999 WL 182588, at *2 (S.D.N.Y. 1999). This equitable interest in the property is eligible for protection under the automatic stay as long as vacatur of the judgment of possession is possible. *Id.*; *see also In re W.A.S. Food Service Corp.*,

49 B.R. 969, 973 (Bankr. S.D.N.Y. 1985) ("Because the debtor is currently in possession of the premises, the automatic stay prohibits an eviction. This court is empowered to continue that stay, if the circumstances so require, to give the debtor a reasonable opportunity to re-negotiate with the landlord or to seek a vacatur of the warrant of eviction.") (citation omitted). A debtor may retain an equitable interest consisting of a right to reinstate the landlord-tenant relationship. *See Éclair Bakery*, 255 B.R. at 133–34 (explaining that such an interest is comparable to a redemption right); *In re Reinhardt*, 209 B.R. 183, 186–87 (Bankr. S.D.N.Y. 1997) (finding that option to redeem the tenancy by payment in full constituted an interest of the estate protectable under § 362(a)). Such an interest may arise if, for example, a court issues a warrant of eviction but stays its execution to permit the tenant to cure before eviction. *See Éclair Bakery*, 255 B.R. at 133–34. RPAPL Section 749(3), which permits a court to vacate a warrant for good cause shown, recognizes this right.[7]

Nothing in the 2005 amendments in BAPCPA alters recognition of this equitable interest as long as the debtor remains in possession and state law permits the state court to reinstate the landlord-tenant relationship. As stated in House Report No. 109-31, the addition made by BAPCPA "does not provide any new right to either landlords or tenants relating to evictions or defenses to eviction under otherwise applicable law." H.R. REP. NO. 109-31, at 75. Sections §§ 362(b)(22) and 362(*l*), however, provide additional protection to the landlord's interests before a debtor can reinstate the automatic stay if the landlord obtained a prepetition judgment of possession. As explained above, a debtor can only reinstate the stay if the prepetition judgment

---

[7] As explained above, because the warrant of eviction has not been executed in this case, the Landlord's argument that the Debtor holds no property interest in the Apartment has no merit. At least as of the date of the hearing, the Debtor remained in possession of the Apartment, retaining an equitable interest and potentially being entitled to relief in state court under RPAPL § 749(3), even though she cannot reinstate the automatic stay under Bankruptcy Code § 362(*l*).

13

of possession can be cured by the payment of money and the debtor strictly complies with § 362(*l*). That is not the case here. Therefore, the automatic stay cannot be reinstated in this case.[8]

### E. Even if the Automatic Stay Could Be Reinstated, The Landlord Has Established Cause to Lift the Automatic Stay

The Landlord argues that even if the automatic stay can be reinstated under Bankruptcy Code § 362(*l*), it should nevertheless be lifted for lack of adequate protection under § 362(d)(1). The prepetiton issuance of a warrant may provide "cause" to terminate the automatic stay pursuant to § 362(d)(1). Section 362(d)(1) provides that a court may grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in the property of the moving party. 11 U.S.C. § 362(d)(1).

*In re Éclair Bakery Ltd.*, 255 B.R. 121, is instructive. In *Éclair Bakery*, the landlord of the debtor, Éclair Bakery Ltd., had obtained three warrants of eviction against the bakery for rent nonpayment. In the course of three bankruptcy cases, the parties executed three stipulations to cure rent defaults. In each case, the bakery failed to cure and commenced a fresh chapter 11 case to prevent the landlord from executing the outstanding warrant. Interpreting RPAPL § 749(3), Judge Gerber found that the issuance of the warrants constituted cause to lift the stay. The key issue, Judge Gerber stated, was whether a good-faith basis to vacate a warrant was present. "Thus, where state court litigation under the escape valve provided under the second clause of RPAPL § 749(3) is pending, or the basis for good faith litigation is apparent . . . , a continuation of stay protection, at least for a limited time, may be appropriate. By contrast, where state court litigation is not pending or in the cards, or where the debtor has failed to show any basis for a

---

[8] Often times, issues about curing monetary and non-monetary defaults, even if a prepetition judgment of possession has been obtained, are resolved by consent through conditional orders. But if a debtor is unable to reach agreement with a landlord involving a non-monetary default, the debtor's remedy must be sought in the state court that entered the prepetition judgment of possession. If a warrant of eviction has not been executed, relief may be available from the state court for good cause shown under RPAPL § 749(3).

belief that the state court will grant relief, the prepetition termination of the landlord-tenant relationship will at least normally provide cause for relief from the stay." *Id.* at 136.

In this case, cause would exist to terminate the stay if it were reinstated under § 362(*l*)(1). Like the debtor bakery in *Éclair Bakery*, Debtor has failed to show grounds upon which the Civil Court would vacate the warrant of eviction. Debtor's appeal of the 2007 Order has been dismissed. (*See* Lift-Stay Motion, Exhibit F, ECF Doc. No. 13). Despite the passage of more than nine months from the original 2007 Order to the 2008 hearing regarding the continuation of the Collyer Conditions, the state court held that Griggsby failed to comply with the 2007 Order, resulting in the entry of the 2008 Order. Griggsby failed to timely appeal the Civil Court's 2008 Order permitting the landlord to execute the warrant based on Debtor's failure to cure the Collyer Conditions.[9] And rather than requesting the Civil Court to vacate the warrant before the scheduled February 23, 2009 eviction, Griggsby filed this chapter 13 case, with a bare-bones petition and no required schedules or supporting information. The Court is left with the firm conviction that this chapter 13 case was not filed in good faith, but rather for the purpose of thwarting the Landlord's efforts to evict her. The Debtor cannot collaterally attack the state court judgment in this court. *Éclair Bakery*, 255 B.R. at 133 n.23. If Griggsby wants relief from the impending eviction, she will have to seek it from the state court. Therefore, cause would exist to lift the automatic stay under § 362(d)(1) if the Court had not otherwise concluded that the stay cannot be reinstated on the record here under § 362(*l*).

---

[9] The New York City Civil Court Act governs appeals to the Appellate Terms of the Supreme Court. *See* N.Y.C.P.L.R. § 5702 (McKinney 2009). Section 1703 of the Act incorporates Article 55 of the New York Civil Practice Laws and Rules ("CPLR"). *See* N.Y. City Civ. Courts Act § 1703 (McKinney 2009). In turn, Section 5513 of the CPLR provides that an appeal as of right must be taken within thirty days after the appealing party receives service of a copy of the judgment or order and written notice of its entry. N.Y.C.P.L.R. § 5513. In this case, a Notice of Entry of the 2008 Order was apparently mailed to the Debtor on October 29, 2008, a little more than five months to date. (*See* Exh. G, Lift-Stay Motion, ECF Doc. No. 13.)

15

**CONCLUSION**

For reasons explained above, § 362(*l*) does not apply in this case. In any event, cause exists to lift the automatic stay even if it were reinstated. Accordingly, at the hearing on April 2, 2009, the Landlord's Objection to Debtor's certification pursuant to § 362(*l*) was SUSTAINED and Landlord's motion to lift the stay was GRANTED to permit the landlord to execute the warrant of eviction. The application to reinstate the automatic stay, filed on April 10, 2009, is DENIED.

DATED:   April 17, 2009
         New York, New York

                              /s/Martin Glenn
                              MARTIN GLENN
                              United States Bankruptcy Judge